**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:16cr68 |
| ) | |
| BRIAN LEE GOFFIGAN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

The Defendant, Brian Lee Goffigan ("Mr. Goffigan" or "Defendant"), by counsel, and pursuant to Section 6A1.2 of the Sentencing Guidelines and Policy Statements, as well as this Court's Sentencing Order, hereby represents that the Defendant has reviewed the Presentence Investigation Report ("PSR") prepared in this case and discussed it with his attorney. Mr. Goffigan advises the court that he has four (4) unresolved objections to the Presentence Report which materially affect the computation of guidelines and two (2) additional factual clarifications. Mr. Goffigan herein addresses said objections and further respectfully states his position with respect to sentencing factors.

Pursuant to U.S.S.G. §4B1.1, Mr. Goffigan has been deemed a Career Offender, and as such, after acceptance of responsibility and enhancements, his advisory Guideline range under that section would be 188-235 months, subject to any ruling on objections. At the sentencing hearing, Mr. Goffigan will be moving for a sentence below the advisory Guidelines as the range suggested by the Guidelines is greater than necessary to comply with the sentencing factors set forth in Title 18, United States Code, Section 3553(a).

## **Procedural Background**

On May 4, 2016, Mr. Goffigan was named in a single count Indictment charging him with Possession with Intent to Distribute Cocaine Base, in violation of Title 21 U.S.C. §841(a)(1) & (b)(1)(B) on or about September 10, 2015, as well as Asset Forfeiture.

Thereafter, on June 6, 2016, the Government filed a single count Criminal Information charging Mr. Goffigan with Possession with Intent to Distribute Cocaine Base, in violation of Title 21 U.S.C. §841(a)(1) & (b)(1)(C) on or about September 10, 2015. There was an Asset Forfeiture allegation as well.

On June 7, 2016, in accordance with the terms of a written plea agreement, Mr. Goffigan appeared before the Honorable Robert J. Krask and pleaded guilty to Possession with Intent to Distribute Cocaine Base, in violation of Title 21 U.S.C. §841(a)(1) & (b)(1)(C) on or about September 10, 2015, as set forth in the Criminal Information. The penalty for this offense has been enhanced in accordance with a Criminal Information filed pursuant to 21 U.S.C. §851.

A Pre-Sentence Report ("PSR") was prepared and disclosed to the parties on September 30, 2016. An amended PSR was disclosed on October 20, 2016. Sentencing is set for October 31, 2016.

Mr. Goffigan has been in continuous custody for this conduct since September 11, 2015, including State through April 19, 2016. He was then transferred to the custody of U.S. Marshals on April 19, 2016 and has remained ever since.

**GUIDELINE OBJECTIONS**

1. <u>Firearm Enhancement</u>

  Mr. Goffigan objects to the two (2) level enhancement for the presence of a firearm pursuant to U.S.S.G. §2D1.1(b)(1). Paragraphs 15 through 18 allege that the Government has a reliable source who states Mr. Goffigan purchased a firearm for protection after being the victim of a robbery (¶ 15). This reliable source then alleges Mr. Goffigan gave the firearm away just 48 hours later to a co-conspirator (¶ 16) who then fires the weapon several times (¶¶ 16-18). Mr. Goffigan contends there is no reliable evidence to support that Mr. Goffigan these allegations. Moreover, the reliability of the Government's Confidential Sources ought to be called into question now that the Government has confirmed that the co-conspirator did <u>not</u> use a gun provided by Mr. Goffigan. It is further important to note that when Mr. Goffigan was arrested during a take down, no gun was in his possession. Mr. Goffigan submits that the Government has not met its evidentiary burden and ought not to be subject to a two level enhancement.

2. <u>Maintain Drug-Involved Premises Enhancement</u>

  Mr. Goffigan objects to the two (2) level enhancement for maintaining a premises pursuant to U.S.S.G. §2D1.1(b)(12). The basis for this enhancement is set forth in Paragraph 11. The evidence provided is insufficient to prove Mr. Goffigan's control, use, and level of involvement in the property. Moreover, Mr. Goffigan contends there is no reliable evidence to support this. Mr. Goffigan objects to the two (2) level enhancement for a drug-involved premises pursuant to U.S.S.G. §2D1.1 (b)(12).

3. <u>Aggravated Role Enhancement</u>

Mr. Goffigan objects to the two (2) level enhancement for the presence of a firearm pursuant to U.S.S.G. §3B1.1(c). The allegation is that Mr. Goffigan managed the woman driver. There is even an allegation that he potentially managed the co-conspirator shooter or possibly his brother. However, there is no evidence of planning, organization, sharing of proceeds with anyone in this case. Mr. Goffigan was not in authority nor exercising control over anyone. There was no managerial nor supervisory role undertaken by Mr. Goffigan. Accordingly, Mr. Goffigan objects to the enhancement under U.S.S.G. §3B1.1(c)).

4.  Career Offender Classification

Mr. Goffigan objects to the Career Offender Classification pursuant to U.S.S.G. §4B1.1. Mr. Goffigan's classification is based in part on a single prior Virginia sentencing event wherein Mr. Goffigan was convicted of robbery and abduction. Virginia Code § 18.2-58. provides:

> "If any person commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in a state correctional facility for life or any term not less than five years." (Va. Code Ann. § 18.2-58).

Under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Goffigan is no longer an armed career criminal because his Robbery (and Abduction – discussed later) conviction in Virginia no longer qualifies as an ACCA "violent felony."

In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Thus, the only question here is whether Mr. Goffigan's Robbery offense qualifies as a "violent felony" under the remaining "enumerated offenses" clause or

4

"force" clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(i)).

Mr. Goffigan submits to the Court that it does not qualify as a "violent felony" under the enumerated offenses clause because it is not a generic burglary, arson, extortion, or use of explosives offense. Likewise, it does not qualify as a "violent felony" under the force clause because it does not contain as a necessary element the use, attempted use, or threat of violent physical force, and it does not require the intentional use, attempted use, or threat of violent physical force.

Prior to the Supreme Court's decision in Johnson, a prior offense qualified as a "violent felony" under the ACCA if: (1) it "ha[d]as an element the use, attempted use, or threatened use of physical force against the person of another," (2) was "burglary, arson, or extortion, [or] involve[ed] [the] use of explosives," or (3) "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.§924(e)(2)(B)(i)-(ii). In Johnson, the Court held that sentences predicated in whole or in part upon prior offenses falling within the third category - otherwise known as the residual clause - "den[y] fair notice to defendants and invite arbitrary enforcement by judges," denying a defendant his right to due process under the Constitution. 135 S. Ct. at 2557.

After Johnson, Mr. Goffigan's conviction in Virginia for robbery no longer qualifies as a "violent felony." It is not one of the offenses enumerated in § 924(e), nor does it have as an element the use, attempted use, or threatened use of physical force against the person of another.

To determine whether a predicate offense qualifies as a "violent felony" under the ACCA, courts use the categorical approach. See *Descamps v. United States*, 133 S. Ct.

2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2014); see also *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). This approach requires that courts "look only to the statutory definitions - i.e., the elements - of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (citation omitted); *Royal*, 731 F.3d at 341-42; *Serafin*, 562 F.3d at 1107; *Acosta*, 470 F.3d at 135. In addition, under the categorical approach, a prior offense can only qualify as a "violent felony" if all of the criminal conduct covered by a statute - "including the most innocent conduct" matches or is narrower than the "crime of violence" definition. *U.S. v. Torres- Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "violent felony," then the statute categorically fails to qualify as a "violent felony."

Accordingly, in order for Mr. Goffigan's conviction to qualify as a "violent felony" under the ACCA's force clause, the offense must have an element of "physical force." "Physical force" means, in this context, "violent force." That is, "strong physical force," which is "capable of physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). For the reasons below, Mr. Goffigan's prior conviction does not qualify as a "violent felony" under the force clause. Accordingly, Mr. Goffigan's not an "armed career criminal" and does not qualify for an enhanced sentence under the ACCA.

Additionally, as seen by a reading of the statute, violations of Virginia Code § 18.2-58 (robbery) do not contain as a necessary element the use, attempted use, or

6

threatened use of physical force, and therefore do not categorically qualify as a violent felony. To begin, the plain language of the robbery statute provides that the offense can be accomplished by the act of placing another in fear of injury (serious bodily harm). Placing another in fear of injury, for example by withholding medicine or food, certainly does not require the use or threatened use of "violent force." In *Torres-Miguel*, 701 F.3d 165, is directly on point. In that case, the Fourth Circuit unequivocally held that the threat of any physical injury, even "serious bodily injury or death, "does not necessarily require the use of physical force- let alone" violent force." *Torres-Miguel*, 701 F.3d at 168. Accordingly, *Torres-Miguel* instructs that the Virginia offense of robbery, which can be accomplished simply by putting another in fear of physical injury, does not require "violent force."

Furthermore, the use or threat of "force" or "violence" required to commit Virginia robbery is less than the violent physical force required to qualify as a "violent felony" under the categorical approach. For an offense to qualify categorically as a violent felony under § 924(e)(2)(B), the prior offense must have "as an element the use, attempted use, or threatened use of physical force against the person of another." §924(e)(2)(B)(i). In 2010, the Supreme Court clarified the meaning of "physical force" in this context: "[T]he phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (citing *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)). Specifically, the *Johnson* Court wrote:

> [T]he phrase "physical force" means violent force—that is, force capable of causing physical pain or injury to another person. See *Flores v. Ashcroft*, 350 F.3d 666, 672 (C.A.7 2003) (Easterbrook, J.). Even by itself, the word "violent" in § 924(e)(2)(B) connotes a substantial degree of force. Webster's Second 2846

7

(defining "violent" as "[moving, acting, or characterized, by physical force, esp. by extreme and sudden or by unjust or improper force; furious; severe; vehement ..."); 19 Oxford English Dictionary 656 (2d ed. 1989) ("[characterized by the exertion of great physical force or strength"); Black's 1706 ("[o]f, relating to, or characterized by strong physical force"). When the adjective "violent" is attached to the noun "felony," its connotation of strong physical force is even clearer. As we have discussed, however, the term "physical force" itself normally connotes force strong enough to constitute "power"—and all the more so when it is contained in a definition of "violent felony." *Johnson* (2010), 559 U.S. at 140-42.

According, a predicate state offense must require the use or threatened use of this level of violent physical force to qualify as a violent felony. See also *United States v. Gardner*, F.3d , 2016 WL 2893881 at *7-*8 (4th Cir. May 18, 2016) (analyzing North Carolina robbery statute that required proof that "the taking was by violence or by putting the person in fear" and reiterating that violent physical force under *Johnson,* 559 U.S. 133, does not include minimal contact such as shoving or pushing).

In Virginia, robbery can be accomplished not only through threat, but also through "slight" force. The Supreme Court of Virginia has held that the "element of violence need only be slight." *Ali v. Commonwealth*, 701 S.E.2d 64, 66 (Va. 2010). It has long been held that "anything which calls out resistance is sufficient" to satisfy this element. *Maxwell v. Commonwealth*, 183 S.E. 452, 454 (Va. 1936).

**It is important to note that Virginia's statute can be satisfied by a use of force that falls short of force than that which is "strong enough to constitute 'power'" and violent sufficient enough to "caus[e] physical pain or injury to another person."** *Johnson* (2010) 559 U.S. at 140-42; Cf. *United States V. Carthorne*, 726 F.3d 503, 513 (4th Cir. 2013) cert, denied, 134 S. Ct. 1326, 188 L. Ed. 2d 337 (2014) ("Virginia statutory offense of assault and battery of a family member, which could be accomplished by the merest touching no matter how slight, did not have 'as an element, the use or

8

attempted use of physical force.'").

Moreover, in the context of North Carolina, the court recently held such de minimus force that may be sufficient for common law robbery in North Carolina is insufficient to categorically qualify an offense as a violent felony. See *United States v. Gardner*, No. 14-4533, 2016 WL 2893881, at *7 (4th Cir. May 18, 2016) ("[W]e hold that North Carolina common law robbery does not qualify categorically as a 'violent felony' under the ACCA."). As the Fourth Circuit explained, because "the North Carolina Court of Appeals has held that a defendant's act of pushing the victim's hand off of a carton of cigarettes was sufficient 'actual force' to uphold a common law robbery conviction," id., it was evidence that North Carolina's common law robbery offense did not constitute a violent felony under the ACCA's force clause.

The same rationale applies to Virginia robbery, which is also modeled after common law robbery. See *Chappelle v. Com.*, 28 Va. App. 272 (1998) ("Robbery is a common law crime, and while punishment of this crime is regulated by statute [Va. Code Ann. § 18.2-58], statute does not attempt to define robbery, rather leaves crime as it was defined at common law."). As such, a violation of the Va. Code § 18.2-58 (robbery) statute does not require "violent force" because it can be accomplished by many means short of strong physical force.

Because "the full range of conduct" covered by the Virginia robbery statute does not require "violent force" against the person of another, it cannot qualify as a "violent felony" under § 924(e)(2)(B)(i)'s force clause. See *Torres-Miguel*, 701 F.3d at 171.

Moreover, the act of putting someone in fear of injury does not constitute a

9

"violent felony" under the force clause because it does not require an intentional threat of physical force. In *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006), the Court ruled an offense can only constitute a "crime of violence" under the force clause if it has an element that requires an "intentional employment of physical force [or threat of physical force]." Id.. "In this context, 'threatened use of physical force' means both an intent to use force and a communication of that intent.'" *U.S. v. King*, 979 F.2d 801, 803 (l0th Cir. 1992). Indeed, the Supreme Court explained in *Elonis v. United State*s where the Court analyzed the *mens rea* necessary to constitute a "threat to injure the person of another" under 18 U.S.C. § 875(c) -- that negligently putting someone in fear is not the same as making a "threat." 135 S. Ct. 2001, 2011 (2015). In the case at bar, the "fear of injury" element under the Virginia robbery statute does not require a defendant to intentionally place another individual in fear of injury. Therefore, because of the lack of intentional mens rea required by *Garcia*, robbery does not qualify as a violent felony.

Mr. Goffigan is also convicted of Abduction

Virginia Code § 18.2-47 provides:

A. Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction."

B. Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to subject him to forced labor or services shall be deemed guilty of "abduction." For purposes of this subsection, the term "intimidation" shall include destroying, concealing, confiscating, withholding, or threatening to withhold a passport, immigration document, or other governmental identification or threatening to report another as being illegally present in the United States.

C. The provisions of this section shall not apply to any law-enforcement officer in the performance of his duty. The terms "abduction" and "kidnapping" shall be synonymous

in this Code. Abduction for which no punishment is otherwise prescribed shall be punished as a Class 5 felony.

D. If an offense under subsection A is committed by the parent of the person abducted and punishable as contempt of court in any proceeding then pending, the offense shall be a Class 1 misdemeanor in addition to being punishable as contempt of court. However, such offense, if committed by the parent of the person abducted and punishable as contempt of court in any proceeding then pending and the person abducted is removed from the Commonwealth by the abducting parent, shall be a Class 6 felony in addition to being punishable as contempt of court.

Similar to robbery, abduction has the same elements of force, threat and/or intimidation. Accordingly, the same arguments and analysis that applies to robbery applies to the offense of abduction.

Mr. Goffigan objects to the career offender classification.

5. Factual Contentions

A. Goffigan Co-Defendant

Mr. Goffigan denies the assertion that he and his brother, Quinn Goffigan, were involved together in any criminal enterprise.

B. Co-Conspirator – Paragraphs 15-18

In addition to the objection maintained about the firearm, Mr. Goffigan would clarify that he was not involved with this alleged individual in selling drugs together.

11

## Law and Argument With Respect to Sentencing Factors

As the Court well knows, the Court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. Section 3553(a). In determining Mr. Goffigan's sentence, the Court is to consider the following factors:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed –

   (A)  to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense;

   (B)  to afford adequate deterrence to criminal conduct;

   (C)  to protect the public from further crimes of the defendant; and

   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for [the offense];

(5)  any pertinent policy issued by the Sentencing Commission;

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

While the sentencing guidelines are one of many relevant factors, there is no presumption of reasonableness attached to the guideline range nor is there a presumption of unreasonableness to a non-guideline range sentence. *Gall v. United States,* 552 U.S.

38, 128 S.Ct. 586, 596-97 (2007*).* The Defendant respectfully submits that a sentence below the applicable sentencing guidelines range would be sufficient, but not greater than necessary, to satisfy the factors of 18 U.S.C.§ 3553(a)*.*

*Nature and Circumstances of the Offense*

Mr. Goffigan's presentence report (Paragraph 7) describes the offense as set forth in the Statement of Facts. Paragraphs 10-18 are allegations received from Government informant(s), at least some of which has already been proven wrong. (firearm did not belong to Mr. Goffigan). On September 10, 2015, Mr. Goffigan was arrested after being surveilled upon coming out of a 7-Eleven. He did not have any firearm on him at the time nor was there a firearm in the vehicle he was traveling. Surveillance shows four controlled buys of small quantities. The Presentence Report attributes to Defendant 99.3926 grams of "crack" cocaine. This figure was not in the Stipulation of Fact.

Mr. Goffigan pleaded guilty and accepted responsibility for his actions.

**History and Characteristics**

Mr. Goffigan is a 38-year-old man who has suffered much hardship in his life (PSR 84). Mr. Goffigan's parents ended their relationship early on in his childhood, but his father continued to remain in contact with him. (Id). However, shortly thereafter this, Mr. Goffigan's life became wayward when he got "caught up in the street life." (PSR 84). His mother was incarcerated when he was an early teenager. Mr. Goffigan was then placed by the Virginia Beach Department of Social Services with his aunt, Lois Mayo. (PSR 85).

13

Mr. Goffigan's mother acknowledges that she suffered from an addition to "crack" cocaine and as a result, there were periods of time that her child had to "raise themselves." (PSR 87). Mr. Goffingan's mother is currently on supervised probation for Attempt to Distribute Schedule III Controlled Substance and Deliver Drugs to a Prisoner. (PSR 87). She has also been convicted of Forgery, felony Failure to Appear, and four counts of Possession of Cocaine. (PSR 87). Mr. Goffigan quickly began to experience a history of documented emotional problems stemming from his mother's incarceration and other family tragedies. (PSR 96).

Death and tragedy also hit Mr. Goffigan. Two of Mr. Goffigan's children died at birth. Further his father, Ronald Lee Worlds, died in 2013. (PSR 86). Mr. Goffigan's maternal half brother, David Marquel Goffigan, was murdered on April 24, 2003. (PSR 86). Mr. Goffigan's sister, Demetria Goffigan died as a result of multiple gunshot wounds on January 13, 2010. (PSR 86).

Mr. Goffigan's education also suffered as he withdrew in the 6th grade. (PSR 101) He began using marijuana at age 10. (PSR 98). Because of his mother's abuse, the kids were left to "raise themselves." Mr. Goffigan essentially had minimal upbringing and when he did have supervision, it was often his abusive step-father.

Others in Mr. Goffigan's family had criminal trouble as well. Mr. Goffigan's half brother, Detrell Allen Goffigan, is currently in custody at the Lawrenceville Correctional Center (he has been convicted of two counts of Malicious Wounding, two counts of Use of Firearm in the Commission of a Felony, two counts of Possession of a Firearm by a Convicted Felon, Unlawful Wounding, and a number of misdemeanor offenses). (PSR 86). Mr. Goffigan's brother, Quinn Goffigan is currently in federal custody at the

Western Tidewater Regional Jail (as a result of a conviction of Possession with Intent to Distribute Cocaine Base). (PSR 86).

Mr. Goffigan's maternal half-sister, Keisha Goffigan, however, is employed with Virginia Pavement. Mr. Goffigan's mother, Naomi Worlds, also now works as well.

Mr. Goffigan has eight children. (PSR 88) who he stays in contact with and provides support. (PSR 88 - 91).

These events have impacted Mr. Goffigan. The attached letters from Theresa Rodriguez and Jenise Williams, two individuals who have known Mr. Goffigan for a long time, describe Mr. Goffigan as loyal, caring, and giving. Family members and others who intend to be present at sentencing will say the same thing. Mr. Goffigan is motivated to work through issues and to examine the choices that have him facing the position he is today.

### **Seriousness of the Offense/ Promoting Respect for the Law/Just Punishment**

Mr. Goffigan fully understands the seriousness of his actions and the need from punishment of such an offense. Mr. Goffigan respectfully submits that a term of imprisonment no greater than the mandatory minimum will sufficiently promote respect for the law, reflect the seriousness of the offense charged, and mete out just punishment to Mr. Goffigan.

### **Deterrence/Protecting the Public**

The sentence range requested by the defense is sufficient to deter Mr. Goffigan from engaging in other criminal activity and to deter others who contemplate committing this type crime. Spending nearly a decade incarcerated will go a long way in driving the

point home to both Mr. Goffigan and others about the seriousness of this offense. Mr. Goffigan wants to improve his life, become a better person and a productive citizen. Mr. Goffigan is still young and a sentence below the advisory guidelines would allow him a chance to turn his life around to make a positive presence in his children's lives and the community.

Research has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposesand Functions of Sentencing*, 34 Crime & Just. 1, 28 (2006). "Three National Academy of Science panels ... reached that conclusion, as has every major survey of the evidence." *Id*.; *see also* Zvi D.Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime*, 8 Cardozo J. Conflict Resol. 421, 447-48 (2007) ("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity.").

**<u>Educational or Vocational Training/Medical Care/other Correctional Treatment</u>**

As stated in the "history and characteristics" section, Mr. Goffigan has emotional/mental health concerns that ought to be addressed during his incarceration. Further, he could benefit a great deal from being treated for substance abuse for his use/misuse of marijuana.

Mr. Goffigan could also benefit from educational and/or vocational training during his imprisonment, which would allow him to continue working towards completing his education. He will (hopefully) likely still be in his late 40's when he is released back into society, and such training would give him assistance in getting back on

his feet and allow him to take advantage of his release to become a productive member of society. The sentence requested by the defense is sufficient to address this factor.

### Kinds of Sentences Available/Guidelines/Policy Statements/Sentencing Disparity

Mr. Goffigan is requesting a sentence below the current advisory guidelines. The career offender provisions of the Guidelines, as applied to this case, perfectly exhibit the limits of a Guideline-centric approach. The career offender guideline provision provides no mechanism for evaluating the relative seriousness of the underlying prior convictions or the age of the prior convictions – in this case, 2002 and 2004. Instead of reducing unwarranted sentencing disparities, such a mechanical approach ends up creating additional disparities because this Guideline instructs courts to substitute an artificial offense level and criminal history in place of each individual defendant's precise characteristics.

Based upon the other arguments herein, along with the Report's recommendations, Mr. Goffigan submits that a sentence below the advisory guidelines, either under §§2D1.1 or 4B1.1, more readily satisfy 18 U.S.C. §3553, regarding a sentence that is sufficient, but not greater than necessary.

Lastly, This Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

### Conclusion

Based on the foregoing and information that will be presented at the sentence hearing, Mr. Goffigan respectfully moves for a sentence below the advisory guideline ranges as such a sentence is sufficient to comply with the factors set forth in 18 U.S.C. § 3553(a).

Respectfully Submitted,

By:_____/s/_____
Catherine M Six, Esq (VSB #38289)
Stewart Gill, Esq (VSB No. 42789)
*Counsel for Brian Lee Goffigan*
East Coast Trial Lawyers, PLC
381 Edwin Drive, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 352-2237
Facsimile: (757) 352-2220
Email: csix@ectlawyers.com
Email: sgill@ectlawyers.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 24st day of October 2016, I have electronically filed the foregoing Position of the Defendant With Regard to Sentencing Factors with the Clerk of Court and served a true copy thereof via the CM/ECF system upon the following counsel of record:

Kevin Hudson
Assistant United States Attorney
United States Attorney's Office
101 W. Main Street, Suite 800
Norfolk, VA 23510
Telephone: (757) 441-6331
Facsimile: (757) 441-6689
Email Address: kevin.hudson@usdoj.gov

I hereby further certify that on this 25th day of October 2016, that a true and accurate copy of the foregoing Position of the Defendant With Regard to Sentencing Factors was deposited with the U.S. Postal Service, first-class postage prepaid, addressed to Darryl Upshur, Probation Officer:

_____/s/_____
Catherine M. Six, Esq (VSB 38289)
Stewart Gill, Esq (VSB No. 42789)
*Counsel for Brian Lee Goffigan*
East Coast Trial Lawyers, PLC
381 Edwin Drive, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 352-2237
Facsimile: (757) 352-2220
Email: csix@ectlawyers.com
Email: sgill@ectlawyers.com