IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

v.

CRIMINAL NO. 2:16cr68

BRIAN LEE GOFFIGAN,

Defendant.

## MEMORANDUM OPINION

This matter came before the Court on October 31, 2016, during the sentencing of Brian Lee Goffigan ("Defendant"), whereupon Defendant objected to his career-offender classification under Section 4B1.1 of the United States Sentencing Guidelines Manual ("U.S.S.G." or "Sentencing Guidelines") on the grounds that his prior robbery conviction under Virginia Code § 18.2-58 is not a "crime of violence" under U.S.S.G. § 4B1.2. ECF No. 33 at 4–10. For the reasons stated at Defendant's sentencing hearing, which are detailed herein, the Court **FOUND** that Virginia robbery is a crime of violence for purposes of the career offender enhancement under U.S.S.G. § 4B1.1 and accordingly **OVERRULED** Defendant's objection.

### I. BACKGROUND

On June 7, 2016, Defendant waived indictment and pled guilty before this Court to a single-count criminal information charging him with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 25. In the presentence investigation report ("PSR") prepared by the probation officer, Defendant was assigned a "Chapter Four Enhancement" pursuant to U.S.S.G. §§ 4B1.1(a) and 4B1.1(b)(2) for being a "career offender," which resulted in an adjusted offense level of 34. ECF No. 30. In

1

support, the PSR stated that "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense," including a 2001 state conviction for possession of cocaine with intent to distribute (a controlled substance offense) and a 2002 state conviction for robbery (a crime of violence). Id. The PSR also reflects a 2002 state conviction for abduction stemming from the same offense conduct underlying the robbery conviction. Id.

On October 25, 2016, Defendant filed his Position on Sentencing in which he raised four objections to the PSR's application of the Sentencing Guidelines. ECF No. 33. One of these objections was that the career offender enhancement should not apply because Defendant does not have a prior conviction for a "crime of violence," as neither his Virginia robbery conviction nor his Virginia abduction conviction satisfies the definition set out in U.S.S.G. § 4B1.2(a). Id. at 4–10. The Government disagreed and argued in its position paper that Defendant's prior Virginia robbery conviction was properly categorized as a crime of violence for purposes of the career offender enhancement. ECF No. 32. In addition, the Government argued that Defendant's prior conviction for Virginia abduction is also a crime of violence under Section 4B1.2(a), making the career offender enhancement proper in any case. Id.

On October 31, 2016, Defendant appeared before this Court for sentencing, at which time Defendant withdrew all of his objections to the PSR relating to the Sentencing Guidelines except the objection to the career offender enhancement. After hearing oral argument on the issue from both parties, the Court found that Defendant's prior Virginia robbery conviction is a crime of violence under U.S.S.G. § 4B1.2(a) and that Defendant was therefore properly classified as a career offender under U.S.S.G. § 4B1.1(a). The Court ultimately sentenced Defendant to a term of 200 months in prison and six years of supervised release, which fell within the advisory range suggested by the Sentencing Guidelines.

## II. APPLICABLE LAW

### A. The Career Offender Designation under U.S.S.G. § 4B1.1(a)

Chapter Four of the Sentencing Guidelines assigns certain sentencing enhancements to defendants who qualify as "career offenders," including a potentially higher adjusted offense level and an automatic Criminal History Category of VI. U.S.S.G. § 4B1.1(b). A defendant qualifies as a "career offender" for these purposes if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The term "crime of violence" is defined in Section 4B1.2(a) as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

Id. § 4B1.2(a) (emphasis added). Subpart (1) of this definition is referred to as the "force clause," while subpart (2) contains the "residual clause," which is underscored above.

The commentary for this section of the Sentencing Guidelines includes three Application Notes, the first of which elaborates on qualifying "crimes of violence" and "controlled substance offenses." Id. § 4B1.2 cmt. n.1. In this note, various crimes are specifically enumerated as "crimes of violence," including robbery and kidnapping. Id. While such commentary is authoritative, the text of the Sentencing Guidelines controls where the two conflict. United States v. Shell, 789 F.3d 335, 340 (4th Cir. 2015) (citing Stinson v. United States, 508 U.S. 36, 45 (1993)). Furthermore, state crimes of the same name do not necessarily satisfy the "generic" definitions of crimes that are used in the Guidelines commentary. United States v. Peterson, 629

3

F.3d 432, 436 (4th Cir. 2011). Rather, a court must "distill a generic definition of the predicate offense" from various state criminal codes, and then "determine whether the defendant's prior conviction constituted a conviction of the generic offense." Id.

### B. The Impact of Johnson II on U.S.S.G. § 4B1.2(a)(2)

The definition of "crime of violence" in U.S.S.G. § 4B1.2(a) above is nearly identical to the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which imposes a mandatory minimum of fifteen years imprisonment on defendants who (i) are convicted under § 922(g) for prohibited possession of a firearm and (ii) have three prior convictions for a "violent felony" or a "serious drug offense." In Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), the Supreme Court invalidated the ACCA's "residual clause" as unconstitutionally vague.

The Supreme Court has not yet addressed whether Johnson II renders the identical residual clause contained in U.S.S.G § 4B1.2(a)(2) void, and the circuits are currently divided on the issue. See In re Hubbard, 825 F.3d 225, 231 n.4, 234 (4th Cir. 2016) (noting the circuit split and holding that Johnson II "might" have that effect). However, the Supreme Court is taking up this very issue in Beckles v. United States, No. 15-8544, which is scheduled for oral argument on November 28, 2016. Assuming, for the sake of analysis, that the Supreme Court holds that the clause is void, a defendant's prior conviction could only qualify as a crime of violence under U.S.S.G. § 4B1.2(a) if it falls under the force clause in subpart (1) or matches an enumerated crime in subpart (2).

### C. Analyzing Crimes of Violence under the Force Clause

To determine whether a defendant's prior conviction constitutes a crime of violence under the text of the Sentencing Guidelines, courts must employ the "categorical approach," which focuses on the elements of the crime, not the facts surrounding the defendant's offense.

United States v. Shell, 789 F.3d 335, 338 (4th Cir. 2015) (citing Descamps v. United State, 133 S. Ct. 2276 (2013)). The focus of the inquiry is whether the full range of conduct covered by the elements of the crime, "including the most innocent conduct," satisfies the definition of crime of violence under U.S.S.G. § 4B1.2. United States v. Diaz-Ibarra, 522 F.3d 343, 352 (4th Cir. 2008); see also Moncrieffe v. Holder, 133 S. Ct. 1678, 1684–85 (2013) (noting that there must be a "realistic probability, not a theoretical possibility," that a state would apply the law to such conduct). If some violations of the relevant statute satisfy the definition but other violations do not, the statute is categorically overbroad. Shell, 789 F.3d at339. If the overbroad statute has divisible elements (i.e., contains multiple, alternative elements), a modified categorical approach may then be appropriate. Descamps, 133 S. Ct. at 2285. Otherwise, the inquiry ends, and the underlying crime is not a crime of violence under U.S.S.G. § 4B1.2(a). Id.

When applied to the force clause, the categorical approach asks whether the most innocent conduct covered by the relevant criminal statute constitutes the "use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). In the context of the ACCA's identical force clause, the Supreme Court in Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I") interpreted the meaning of "physical force" as "violent force–that is, force capable of causing physical pain or injury to another person." Id. at 139 (emphasis in original). The phrase connotes "strong physical force" beyond mere "offensive touching" that can sustain a common-law battery conviction. Id. If the crime can be committed with something less than such "violent force" or the threatened use of such force, it is not a crime of violence for purposes of the career offender enhancement.

Neither the Supreme Court nor the Fourth Circuit has yet ruled on whether a conviction for Virginia robbery is a crime of violence under the force clause of U.S.S.G. § 4B1.2(a). While

5

the Fourth Circuit held that Virginia robbery constituted a "violent felony" under the force clause of the ACCA in <u>United States v. Presley</u>, 52 F.3d 64, 69 (4th Cir. 1995), that case does not control because it was decided before <u>Johnson I</u> and before federal courts employed the minimum-conduct standard as articulated in <u>Moncrieffe</u>.[1] Nor does the Fourth Circuit's recent ruling in <u>United States v. Gardner</u>, 823 F.3d 793 (4th Cir. 2016) provide much guidance on the issue despite Defendant's claim to the contrary. In <u>Gardner</u>, the court found that North Carolina's common law crime of robbery does not constitute a "violent felony" under the force clause of the ACCA because even <u>de minimus</u> contact can constitute "violence" necessary for a robbery conviction in North Carolina. 823 F.3d at 803. However, the Fourth Circuit expressly cautioned that "the definitions of common law robbery in Maryland and Virginia have little or no relevance to North Carolina appellate courts' interpretation of North Carolina law." <u>Id.</u> at 804. With this in mind, the Court now turns to a discussion of common law robbery in Virginia and whether it constitutes a crime of violence under U.S.S.G. § 4B1.2(a).

### III. DISCUSSION

In the instant case, the parties do not dispute that Defendant's prior conviction for robbery must satisfy the force clause under U.S.S.G. § 4B1.2(a)(1) to qualify as a "crime of violence" for purposes of the Guidelines' career offender enhancement. Therefore, the issue presently before the Court is: What is the minimum conduct necessary to sustain a Virginia robbery conviction and does that conduct satisfy the force clause in light of <u>Johnson I</u>?

---

[1] <u>Compare</u> <u>United States v. Gardner</u>, 823 F.3d 793, 804 (4th Cir. 2016) (explaining that <u>Presley</u> does "not inform our decision today" on these grounds) <u>with</u> <u>Muse v. United States</u>, No. 2:13cr173, 2016 WL 3387172, at *2 (E.D. Va. June 8, 2016) (finding that Virginia robbery is a "violent felony" under the force clause of the ACCA under <u>Presley</u>) and <u>United States v. Winston</u>, No. 3:01cr79, 2016 WL 3963234, at *1–2 (W.D. Va. July 21, 2016) (finding that <u>Presley</u> is no longer good law in light of <u>Johnson I</u> but finding that Virginia robbery is a "violent felony" under the ACCA's force clause on other grounds).

6

### A. Analysis of Virginia Robbery

Robbery is a common law offense in Virginia. Virginia Code § 18.2-58 does not define the elements of robbery but rather sets out the punishment for the offense. Therefore, this Court's analysis of Virginia robbery must be informed by decisions of the Supreme Court of Virginia, while decisions of Virginia's intermediate appellate court "constitute the next best indicia of what state law is." Gardner, 823 F.3d at 803 (internal citation omitted). The Supreme Court of Virginia defines robbery as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Johnson v. Commonwealth, 163 S.E.2d 570, 572–73 (Va. 1968). The final element—"by violence or intimidation"—is the only one relevant here.

The Court of Appeals of Virginia has defined, in detail, both "violence" and "intimidation" in the context of robbery, which provides a helpful starting place for this analysis:

> Violence or force requires a physical touching or violation of the victim's person. The touching or violation necessary to prove the offense may be indirect, but cannot result merely from the force associated with the taking. . . .
>
> Intimidation results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm.

Bivins v. Commonwealth, 454 S.E.2d 741, 742–43 (Va. Ct. App. 1995) (internal citations omitted). At Defendant's sentencing hearing, the Government correctly pointed out that "proof of violence or intimidation" distinguishes robbery from grand larceny from a person under Virginia law. See Commonwealth v. Hudgins, 611 S.E.2d 362, 365 (Va. 2005). Therefore, the difference between "violence" and the force associated with mere "takings" is essential to sustain convictions for the more serious offense of robbery in Virginia.

In Ali v. Commonwealth, the Supreme Court of Virginia analyzed whether the defendant's tussle with a convenience store clerk was sufficient evidence of "violence or

7

intimidation" to sustain his robbery conviction. 701 S.E.2d 64, 66 (Va. 2010). The court found that it was, reasoning that "[t]he element of violence need only be slight" and that "anything which calls out resistance is sufficient." Id. (internal citation omitted). However, the facts on which the court relied reveal that even "slight" violence requires more than offensive touching, precisely because such force must be sufficient to invite resistance. For example, after the defendant in that case reached across the store counter and grabbed cash from the cash register, the victim "held on to the money and the two struggled for it;" the victim screamed because she was "scared;" the defendant "yanked" the money from the victim's hand; and the victim's mother testified that she saw the defendant "physically attacking" the victim on the store's surveillance monitor. Id. (emphasis added). Because the victim resisted, and the defendant countered the victim's resistance with "force and violence used to overcome the opposition," the Court upheld the conviction of robbery. Id. (internal citation omitted).

Virginia's case law on purse snatching is also instructive here. The Court of Appeals of Virginia has found that the force used to take a purse from a victim, without more, does not constitute "violence" to sustain a Virginia robbery conviction. See Winn v. Commonwealth, 462 S.E.2d 911, 912 (Va. Ct. App. 1995) (noting that "the offense of robbery . . . is not related to the force used on the object taken but to the force or intimidation directed at the person of the victim" (emphasis in original) (internal citation omitted)). For example, in Johnson v. Commonwealth, despite the victim's testimony that the she felt her purse forcibly removed from her shoulder and that such force was strong enough to physically "turn her around," the court reversed the defendant's conviction of robbery, finding that the "force employed by [defendant] was merely the force required to remove the purse from [the victim's] shoulder." No. 2475-00-2, 2001 WL 1356401, at *2 (Va. Ct. App. Nov. 6, 2001). In other words, forceful snatching alone

is not enough to constitute robbery in Virginia; there must be "additional circumstances at the time of the snatching to transform the taking from a larceny to a robbery," such as knocking the victim down or putting the victim "in fear." Winn, 462 S.E.2d at 913 (internal citation omitted); see Jones v. Commonwealth, 496 S.E.2d 668, 670 (Va. Ct. App. 1998) (distinguishing Winn and finding that defendant's "jerking" victim around during purse snatching, resulting in a physical confrontation, was violence "directed at the person of the victim" to sustain robbery conviction); Mills v. Commonwealth, 662 S.E.2d 637, 639–40 (Va. Ct. App. 2008) (dragging victim over thirty feet after victim resisted the taking constituted violence for robbery conviction).

Virginia appellate courts have also distinguished robbery by intimidation from the subjective experience of fear that is "incidental" to an unexpected larceny. Bivins, 454 S.E.2d at 743. Crucial to the distinction is that intimidation during a robbery is "directed at the person of the victim," Winn, 462 S.E.2d at 912, and it results from the "design or conduct" of the accused rather than the victim's temperament, Bivins, 454 S.E.2d at 743. As such, wielding a toy pistol can create a reasonable fear of bodily harm to constitute intimidation even though the act is objectively harmless. See Johnson, 163 S.E.2d at 574. But a victim's experience of fear during a purse snatching does not constitute intimidation where a defendant does not direct words or conduct at the victim to place the victim in fear of bodily harm. Bivins, 454 S.E.2d at 743. In other words, intimidation must involve, at a minimum, an implied threat of bodily harm to the victim in order to sustain a conviction for robbery under Virginia law.

### B. Virginia Robbery is Categorically a Crime of Violence

In light of the above, it is clear that the minimum conduct for which a defendant can be convicted of robbery in Virginia satisfies the force clause of U.S.S.G. § 4B1.2(a)(1). First, with regard to robbery by intimidation, the minimum conduct required to sustain a conviction satisfies the definition of "threatened use of physical force" under Johnson I because the victim must be

placed "in fear of bodily harm" as a result of the defendant's words or conduct that are directed at the victim for that purpose. See Bivens, 454 S.E.2d at 742. While the defendant need not make an overt or verbal threat of violence, the defendant's words or actions must, at a minimum, imply a threat of bodily harm to the victim. Id. at 741. Without such a perceived threat of violent force—that is, force capable of causing physical pain or injury—a conviction for robbery by intimidation could not be sustained under Virginia law.

Second, with regard to robbery by violence, the minimum amount of force required to commit the crime satisfies the definition of "physical force" under Johnson I. As outlined above, Virginia appellate courts require the force to be (i) greater than the force required to accomplish the taking itself, (ii) directed at the person of the victim rather than the object of the taking, and (iii) sufficient to elicit physical resistance by the victim or to create a physical struggle with the victim. All of these requirements certainly amount to force "capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140. This is plainly distinct from the violence element of North Carolina's common law robbery as articulated in Gardner, in which the Fourth Circuit concluded that "de minimus contact" is sufficient and "the degree of force is immaterial." 823 F.3d at 803 (internal citation omitted).

On this point, the Court also finds United States v. Winston, a recent opinion of District Judge Norman Moon of the Western District of Virginia, to be persuasive. No. 3:01cr79, 2016 WL 3963234 (W.D. Va. July 21, 2016). Notably, Judge Moon served as a judge on the Court of Appeals of Virginia from 1985 to 1987 and served as its Chief Judge from 1993 to 1997 prior to his appointment to the federal bench. In Winston, Judge Moon revisits whether common law robbery in Virginia is a "violent felony" under the ACCA in light of the Fourth Circuit's recent ruling in Gardner. He concludes, consistent with his prior May 11, 2016 opinion, that it is. Id. at

10

*2. In support, he states that "Virginia Supreme Court cases 'consistently and without qualification refer to robbery as involving violence'" of the type that satisfies Johnson I. Id. (quoting May 11, 2016 Op., No. 3:01cr79, Dkt. 65, at 10) (citing Williams v. Commonwealth, 685 S.E.2d 178, 180 (Va. 2009) and George v. Commonwealth, 411 S.E.2d 12, 20 (Va. 2011)). He also argues that, even in purse snatching cases in which the victim is not actually harmed by the violent force, the force must still be "capable" of creating such harm to sustain the robbery conviction, which is consistent with the definition of physical force laid out in Johnson I. Id. at *3 (discussing Henderson v. Commonwealth, No. 3017-99-1, 2000 WL 1808487 (Va. Ct. App. Dec. 12, 2000)). Judge Moon's reading of Virginia case law is consistent with this Court's analysis above and lends compelling support to the Court's finding that Virginia robbery is a crime of violence under the force clause of U.S.S.G. § 4B1.2(a).

In light of this finding, this Court did not address the validity or application of the residual clause contained in U.S.S.G. § 4B1.2(a)(2) at the sentencing hearing, nor does it need to here. Nor does the Court need to address whether a conviction under Virginia Code § 18.2-47 for abduction is a crime of violence. Defendant is a "career offender" under § 4B1.1(a) regardless of how that crime is classified.[2]

## IV. CONCLUSION

For all these reasons, the Court **FOUND** that Defendant's prior conviction for Virginia robbery is a "crime of violence" under U.S.S.G. § 4B1.2(a)(1). Accordingly, Defendant's objection to his classification as a career offender under Chapter Four of the Sentencing Guidelines was **OVERRULED**.

---

[2] While the Court noted at Defendant's sentencing hearing that it was inclined to find that a conviction under Virginia's abduction statute is a crime of violence under U.S.S.G. § 4B1.2(a), such a finding was ultimately not dispositive to the Court's ruling on Defendant's objection to the career-offender classification. Therefore, the Court will not address it here.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

                /s/
             Robert G. Doumar
             Senior United States District Judge
             UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 3, 2016